IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE ORR, #132 726, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-119-WHA |
| | ) | [WO] |
| GOVERNOR ROBERT BENTLEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Willie Orr ["Orr"], an inmate incarcerated at the Staton Correctional Facility in Elmore, Alabama, files this 42 U.S.C. § 1983 complaint challenging as unconstitutional Alabama's sentencing scheme.[1]  For relief, Orr requests entry of an order directing Alabama's sentencing provisions to comply with the United States Constitution.  Named as defendants are Governor Robert Bentley and Attorney General Luther Strange. Doc. 1.  Upon review, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

## I.  DISCUSSION

Orr files the instant § 1983 complaint claiming a violation of his Eighth and Fourteenth Amendment rights based on Alabama's sentencing laws which, he claims, have subjected him to

---

[1] Previously, Orr filed a petition under 28 U.S.C. § 2241 seeking to challenge the same issue he presents in the instant action. *See Orr v. Daniels, et al.*, Civil Action No. 2:16-CV-4-WHA-GMB (M.D. Ala.).  The petition, however, was dismissed pursuant to Orr's notice of dismissal filed prior to Respondents' filing of an answer or dispositive motion. Docs. 6–8.  Although Orr's notice of dismissal contained a requested to amend his § 2241 petition to assert a cause of action under 42 U.S.C. § 1983, the court noted that Orr's request to turn his habeas corpus petition into a § 1983 complaint was improper.  The court effected Orr's request, however, by opening the instant civil action and filing a copy of the § 1983 complaint attached to his notice of dismissal in the newly opened suit.

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

what amounts to a life sentence without the possibility of parole.  He maintains his sentence violates procedural and substantive due process, equal protection, and the prohibition against cruel and unusual punishment.  Orr was sentenced in 1982 to a term of life imprisonment following his conviction for murder.[3]  Orr references the timeframe for the violations about which he complains as "1982 to the present." Doc. 1 at 2.

### A. The Named Defendants

Orr names Governor Bentley and Attorney General Strange as defendants.  To the extent Orr seeks to hold these defendants liable under a theory of *respondeat superior*, a § 1983 action will not support this claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  In *Iqbal*, the Court clarified that a government official sued in his/her individual capacity for alleged constitutionally tortious behavior cannot be held liable on a *respondeat superior* theory or on the basis of some general connection to allegedly responsible individuals or actions. *Id*. at 676–77 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* . . . [A] plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution . . .  [P]urpose rather than knowledge is required to impose [constitutional] liability on . . . an official charged with violations arising from his or her superintendent responsibilities."); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691–95 (1978) (holding that the doctrine of *respondeat superior* is inapplicable to § 1983 actions); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (same); *see also Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions . . . and the alleged

---

[3] Orr's conviction information is available through the Alabama Department of Corrections database accessible at *http:// www.doc.state.al.us/InmateHistory.aspx*.

constitutional deprivation"). Based on this standard, Orr has done nothing to affirmatively link the named defendants to a violation of his constitutional rights and his complaint against Governor Bentley and Attorney General Strange may be dismissed on this basis. Even if Orr were granted an opportunity to amend his complaint to correct this deficiency, his complaint is due to be dismissed for additional reasons.

### B. The Statute of Limitations

To the extent Orr's § 1983 action seeks to challenge matters which occurred on or before February 16, 2014,[4] these claims are filed outside the statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275–76, 105 S. Ct. 1938, 1946–47, 85 L.Ed.2d 254 (1985). [Plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (*en banc*). Therefore, in order to have his claim heard, [Plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

Although the state statute of limitations applies, the time of accrual is a federal question. *Cox v. Stanton*, 529 F.2d 47, 49–50 (4th Cir. 1975). Orr's claims accrued when he knew or had reason to know of his injury. *Hafez v. Madison*, 348 Fed. App'x 465, 467 (11th Cir. 2009) (internal quotation marks and citations omitted) (holding that a statute of limitations begins to run "when the fact which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights"). The court notes the tolling provision of

---

[4] Although the Clerk stamped the present complaint "filed" on February 22, 2016, Orr signed his complaint on February 16, 2016. The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). For purposes of this proceeding, the court considers February 16, 2016, as the date of filing.

*Ala. Code* § 6-2-8(a) provides no basis for relief to Orr from application of the time bar.[5]

While the statute of limitations is usually a matter which may be raised as an affirmative defense, in an action proceeding under § 1983 the court may consider *sua sponte* any affirmative defenses apparent from the face of the complaint. *Clark v. Ga. Pardons & Par. Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). Here, any attempt by Orr to litigate claims which occurred on or before February 16, 2014, are, without more, subject to dismissal as frivolous under 28 U.S.C. § 1915(A)(b)(1) based on the statute of limitations. *See Clark*, 915 F.2d 636.

### C. The Sentencing Scheme Challenge

Orr's complaint presents a disjointed narrative to support an attempt to challenge the constitutionality of Alabama's sentencing scheme under the Eight and Fourteenth Amendments. A careful review of Orr's allegations, however, reflects the crux of his complaint concerns his desire to challenge the validity and legality of his sentence to life imprisonment and failure to release him on parole.[6] Specifically, Orr maintains that he was sentenced to life imprisonment and has been serving his sentence since 1981 without being paroled; that he has been held for an excessive number of years and is no closer to parole than when he began serving his sentence while other inmates also convicted of murder have received lesser sentences; that inmates

---

[5] This section allows tolling of the limitations period for an individual who "is, at the time the right accrues . . . insane." Ala. Code § 6-2-8(a). The complaint demonstrates that Orr was not legally insane at the time of the challenged events so as to warrant tolling under *Ala. Code* § 6-2-8(a).

[6] To the extent Orr's claims reflect an assumption that he has a protected liberty interest in being considered for parole, the law is settled that the mere existence of a parole system creates no interest protected by the Due Process Clause. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1 (1979). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Id.* at 7. A liberty interest protected by the Fourteenth Amendment must amount to "more than an abstract need or desire . . . or unilateral expectation." *Board of Regents of St. Colleges v. Roth*, 408 U.S. 564, 577 (1972). "Rather, an individual claiming a protected interest must have a legitimate claim of entitlement to it." *Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989). "[T]he Alabama parole statute frames the Parole Board's authority in discretionary terms, and thus does not create for Alabama prisoners a protected liberty interest in the expectation of parole." *Ellard v. Alabama Bd. of Pardons and Paroles*, 824 F.2d 937, 942 (11th Cir. 1987) (citing *Thomas v. Sellers*, 691 F.2d 487 (11th Cir. 1983)).

serving sentences of life imprisonment without the possibility of parole have the opportunity to seek a sentence reduction and, if granted, could be re-sentenced to a term which would result in their release from custody;[7] and that no safeguards exist to give eligible offenders such as Orr, an inmate with an "impressive institutional record" and significant time served, a chance at parole. Doc. 1 at 5–19.  Orr's challenge to Alabama's sentencing scheme and his contention that such laws as applied to him are unconstitutional and amount to a sentence of life with the possibility of parole provide no basis for relief in this cause of action. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994).

Applicable federal law establishes that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973)).  In *Heck*, the Supreme Court expounded on *Preiser* in holding that claims for damages challenging the legality of a prisoner's conviction or confinement, even where the prisoner has exhausted available remedies, are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed [by a state court], expunged [by executive order], invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 489.  The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487.

In *Balisok*, the Court further determined that a prisoner's "claim for [both] declaratory

---

[7] Regarding this assertion, Orr references Ala. Code § 13A-5-9.1.  However, the legislature repealed § 13A-5-9.1 effective March 13, 2014.  The statute provided for the reduction of some criminal sentences if certain requirements were met and was applied retroactively according to *Kirby v. State*, 899 So. 2d 968 (Ala. 2004).  Consequently, as of March 14, 2014, a trial court has no authority to retroactively apply the amended version of Ala. Code § 13A-5-9(c)(3) to address the life-without-parole sentences of inmates sentenced prior to amendment of the Habitual Felony Offender Act in 2000.

relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, [punishment which impacted the duration of his confinement,] is not cognizable under § 1983" unless the challenged judgment has previously been overturned. 520 U.S. at 648.  The Court determined this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id*. at 645.  The Court again emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.  The rule of *Heck* is not limited to a request for damages but is equally applicable to an inmate's request for declaratory relief.   "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or sentence]; if he makes allegations that are inconsistent with the conviction's [or sentence] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), *citing Balisok*, 520 U.S. at 646-648.  An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F. Supp. 1143, 1151 (N.D. Ill. 1996); *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) ("The [determinative] issue . . . is not the relief sought, but the ground of the challenge.").  *Heck* directs that a state inmate "making a collateral attack on his conviction [or sentence] . . . may not do that in a civil suit, other than a suit under the habeas corpus statute."). *Okoro*, 324 F.3d at 490.  Moreover, issuance of the declaratory relief sought by Orr regarding Alabama's sentencing laws and their effect on his sentence is an attack on the duration of his confinement because it would necessarily entail a finding that he is entitled to a reduction of his sentence or his release.  As such, the principles espoused in *Heck* and *Balisok* bar granting the declaratory relief requested by Orr in this 42 U.S.C. § 1983 action. *See Abella v. Rubino*, 63 F.3d

1063, 1066 (11th Cir. 1995) (holding that claims for declaratory or injunctive relief seeking actions by a federal court which would affect either the validity of the prisoner's conviction or the duration of his sentence "are simply not cognizable under § 1983"); *Offet v. Solem*, 823 F.2d 1256, 1258 (8th Cir. 1987) (holding that in determining whether favorable decision in § 1983 action would establish "irrefutable" habeas claim, court not bound by plaintiff's characterization of claim).   The principles espoused in *Heck* and *Balisok* also apply to denials of parole. *Butterfield v. Bail*, 120 F.3d 1023 (9th Cir. 1997); *Schafer v. Moore*, 46 F.3d 43, 44-45 (8th Cir. 1995).

The conviction and sentence of life imprisonment that form the basis for Orr's present incarceration have not been reversed, expunged, impugned or invalidated in an appropriate state or federal action.   *Heck* and its progeny therefore bar his use of any federal civil action, other than an application for habeas corpus relief, to mount a collateral attack on his conviction or sentence, a denial of a reduction in his sentence, and/or a challenge to a denial of parole. 512 U.S. at 486–87 ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."); *Balisok*, 520 U.S. at 645 (holding that a petition for writ of habeas corpus is the "sole remedy in federal court" for a prisoner seeking declaratory relief or money damages for claims affecting the duration of his confinement); *Abella*, 63 F.3d at 1066 n.4 ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion.").   Thus, the claims presented by Orr seeking relief from his life sentence and denial of parole are prohibited and

subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.      Plaintiff's claims against the named defendants challenging events which occurred on or before February 16, 2014, be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) as Plaintiff failed to file the complaint regarding these allegations within the time prescribed by the applicable period of limitation;

2.      The § 1983 claims presented against Defendants Bentley and Strange, to the extent they are not barred by the statute of limitations, be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

3.      Plaintiff's challenge to the validity of his 1982 conviction and/or sentence for murder be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), as such claims are not properly before the court at this time; and

4.      This case be DISMISSED prior to service under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

It is further ORDERED that **on or before April 29, 2016**, Plaintiff may file objections to this Recommendation.  Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see*

*Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 15th day of April, 2016.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE